Victor Charles FIORENZA

v.

FIRST CITY BANK–CENTRAL.

Civ. A. No. B–87–01233–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 17, 1988.

Kevin M. Murphy and Edward H. Green, Weller, Wheelus & Green, Beaumont, Tex., for plaintiff.

W. Carl Jordan, David M. Feldman and Thomas H. Kiggans, Vinson & Elkins, Houston, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

### MOTION FOR PARTIAL SUMMARY JUDGMENT

I. The cause of action based on the Texas Commission of Human Rights Act is stayed pending the outcome of this case. Section 6.01(f) of the TCHRA states:

> No person who has initiated any action in a court of competent jurisdiction or who has an action pending before any administrative agency under any other law or any local ordinance of any political subdivision of the state based on an act that would be an unlawful employment practice under this article may file a complaint under this section with respect to the same grievance.

TEX.REV.CIV.STAT.ANN. art. 5221k, § 6.01(f).

The ADEA has a similar provision on the subject of pursuing claims under both federal and state statutes prohibiting discriminatory employment practices. 29 U.S.C.A. § 633(a) states that, "[U]pon commencement of action under this chapter, such action shall supercede any state action." This provision of the ADEA is explained in the Congressional Record as follows:

In other words, if a lawsuit under a state age discrimination law is pending at the time a suit under the ADEA is filed, the state lawsuit would have to be immediately held in abeyance, pending a final resolution of the federal litigation or a determination that the federal and state actions are not coterminous in nature. S.Rep. No. 493, 95th Cong., 2d Sess. 5 (1978), *reprinted in* 1978 *U.S.Code Congress & Ad.News* 504, 509. Thus, under both the ADEA and the TCHRA, plaintiff may not maintain the same cause of action under both statutes simultaneously. Therefore, the cause of action based on the state TCHRA claim is stayed pending outcome of the federal cause of action.

■ II. In the present case, plaintiff readily acknowledges that his claim of negligent infliction of emotional distress arises solely from the termination of his employment. He alleges simply that defendant was negligent in terminating his employment and that such negligence caused him emotional distress. (*See,* Plaintiff's First Amended Original Complaint, ¶ 28; Joint Status report, ¶ I).

The Texas Supreme Court does not yet recognize a separate cause of action in the employee/employer relationship for negligent infliction of emotional distress. However, there is one exception that is carved out in the *Sabine Pilot* case, when an employee refuses to violate a criminal statute. *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985). Therefore, the claims made for negligent infliction of emotional distress are dismissed pursuant to the motion for partial summary judgment. The court will not recognize that as a separate cause of action and recognize jurisdiction over it.

## MOTION TO JOIN ADDITIONAL PARTY AS DEFENDANT

■ Rule 19(a) FED.R.CIV.P. governs the joining of indispensible parties. Under Rule 19(a) a party is indispensible if:

(1) in the person's absence complete relief cannot be accorded among those already parties, or

(2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may

(i) as a practical matter impair or impede the person's ability to protect that interest or

(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

The court finds that complete relief can be afforded to the plaintiff against the defendant, First City–Central. Since First City–Bancorp is not an indispensable party under Rule 19(a), the motion to join First City–Bancorp as a defendant is denied because complete relief can be afforded under the Age Discrimination in Employment Act.

## GENERAL INSTRUCTIONS

■ Damages will be limited to those under the Federal Age Discrimination Act. Damages for mental anguish and punitive damages are not recoverable in such actions. *Ford v. General Motors,* 656 F.2d 117, 119 (5th Cir.1981).

Any further problems concerning the scope of discovery will be addressed to the court. Plaintiff is given ten days after receipt of this memorandum to amend the pleadings, but not to join additional parties.