**David SOTO, Plaintiff,**

v.

**CITY OF LAREDO, et al., Defendants.**

**Civ. A. No. L–89–96.**

United States District Court,
S.D. Texas,
Laredo Division.

May 28, 1991.

Oscar J. Pena, Jr., Laredo, Tex., for David Soto.

Gerald D. McFarlen, Brin & Brin, San Antonio, Tex., for City of Laredo, et al.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is the Defendants' Supplemental Motion for Summary Judgment. The facts of this case were fully set forth in this Court's memorandum of March 26, 1991. At that time, several issues were, for various reasons, left pending. Defendants' motion addresses these remaining issues. That motion was filed April 19, 1991 and Plaintiff has not responded.

■ *Constitutionality of § 143.010.* This Court has previously held that the procedures for discharging of police officers under § 143.010 of the Texas Local Government Code, as applied to the Plaintiff, were not in violation of the Due Process clause of the Fourteenth Amendment. Reserved was the assertion by Plaintiff that the procedures are facially unconstitutional. Upon examining the specific requirements and guarantees of § 143.010, the Court cannot discern any constitutional

infirmity. As the Defendants have ably briefed, the inclusion of a mandatory written notice of claim requirement is neither unusual in the law nor unconstitutional, and the Court finds persuasive the authorities and arguments of the Defendants in their motion. *See, e.g., Brantley v. City of Dallas,* 498 S.W.2d 452 (Tex.Civ.App.—Eastland, 1973, writ ref'd N.R.E.), *cert. denied,* 415 U.S. 983, 94 S.Ct. 1576, 39 L.Ed.2d 880 (1974).

■ *Probable Cause to Arrest Plaintiff.* Plaintiff alleges that he was arrested in violation of his Fourth Amendment right against unreasonable seizure. Officer Reyes has supplemented his previous affidavit with additional summary judgment evidence on the circumstances of the search of the Soto residence and the arrest of David Soto. Reyes, acting as a member of the Drug Enforcement Agency's task force, obtained and executed a search warrant on the residence where Soto and other members of his family lived, found 700 pounds of marihuana, and then arrested him.

Probable cause to search does not constitute probable cause to arrest. *See* 1 W. LaFave, *Search and Seizure,* § 3.1(b), pp. 544–45 (2d ed. 1987). Probable cause to arrest "exists when the facts and circumstances within the knowledge of the arresting officer are sufficient to cause a person of reasonable caution to believe an offense has been or is being committed." *United States v. Bustamante–Saenz,* 894 F.2d 114, 118 (5th Cir.1990) (quoting *United States v. Antone,* 753 F.2d 1301, 1304 (5th Cir.1985)). Officer Reyes states that he acted on the basis of: 1) surveillance indicating that marihuana transportation was occurring through the Soto residence; 2) knowledge that Plaintiff Soto was living there and the inference that he therefore exercised "some measure of control" of these premises; 3) discovery of 700 pounds of marihuana only partially hidden in close proximity to the house where Soto resided and the inference that, given the quantity and proximity of the drugs, Soto had to have had knowledge of their presence; and 4) knowledge that Soto as an experienced

police officer would have awareness of the appearance and odor of marihuana. Supplemental Affidavit of Antonio Reyes, Defendants' Supplemental Motion for Summary Judgment, Exhibit B. These assertions are not controverted by Plaintiff Soto. Under these facts and circumstances, the Court concludes that the agents had probable cause to arrest Plaintiff Soto. *See United States v. Moreno,* 891 F.2d 247, 249 (9th Cir.1989) (probable cause to arrest where defendant lived at house where substantial evidence of criminal activity was found); *United States v. Alexander,* 761 F.2d 1294, 1303 (9th Cir.1985) (probable cause to arrest after search disclosed small amount of drugs in defendant's trailer and trailer's proximity to shed where cocaine was processed). Having found that Reyes had probable cause to arrest, the potential liability of the other Defendants is a moot question.

■ *Freedom of Association.* Plaintiff contends that his arrest was based on his familial associations with his brother Sabas Gilberto Soto, his mother Victoria Soto, and others in violation of this First Amendment right to freedom of association. While there is a paucity of guidance on this question, the Court is persuaded that the right of familial association is not impermissibly infringed when the state arrests a family member with probable cause. The right of association does not abrogate the authority of the state to take into custody persons reasonably suspected of criminal activity. *See Bergren v. City of Milwaukee,* 811 F.2d 1139, 1144 (7th Cir.1987) (arrest and detention of juvenile with probable cause did not violate right of association with parents).

■ *Due Process—Predeprivation Hearing.* Soto alleges generally that his job termination constituted a taking of property without due process of law. Assuming that Soto had a property right in his employment by the City of Laredo, federal due process required notice of the reasons for the proposed deprivation and some opportunity to respond to the substance of the allegations before the deprivation itself occurred. *Equia v. Tompkins,* 756 F.2d

1130, 1139 (5th Cir.1985); *see Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 545–46, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985); *Mathews v. Eldridge,* 424 U.S. 319, 332–35, 96 S.Ct. 893, 901–03, 47 L.Ed.2d 18 (1976). Even an informal opportunity to "tell his side of the story" before termination is sufficient to satisfy the requirements of due process. *Equia,* 756 F.2d at 1139. After reviewing the affidavit of Assistant Chief of Police Eliodoro Granados and the written notices from Chief Johnson to then-Officer Soto appended to it, it is clear that Plaintiff was afforded an adequate pretermination hearing on June 30, 1989, that Plaintiff received written notice of the hearing and of the allegations against him, and that Plaintiff was given an opportunity at the hearing to respond to them. Affidavit of Eliodoro Granados, Defendants' Supplemental Motion for Summary Judgment, Exhibit A. Even if Plaintiff had a property right in his employment, his right to due process of law in the deprivation of that right was not violated.

■■■ *Negligent Infliction of Emotional and Physical Distress.* Soto claims that the variety of alleged wrongs perpetrated against him were the result of the negligent conduct of Reyes or Johnson. These claims cannot be sustained.

The holdings in this opinion and in the opinion of March 26, 1991 indicate that there is no basis for the seven alleged acts of negligence which underlie this claim. Moreover, under Texas law, no cause of action for negligent infliction of emotional distress has been recognized in the area of employer-employee relations. *Fiorenza v. First City Bank–Central,* 710 F.Supp. 1104, 1105 (E.D.Tex.1988); *Sauls v. Union Oil Co. of California,* 750 F.Supp. 783, 790 (E.D.Tex.1990). Since this Court holds that Officer Reyes acted with probable cause in arresting Plaintiff, Plaintiff's claim that Reyes was negligent in the investigation and arrest is unsupportable. The remainder of Plaintiff's claims rest upon the circumstances surrounding his job termination, which will not support this cause of action. *Sauls, supra.*

Even outside the employer-employee relationship, this type of tort is difficult to establish. Among other elements, Plaintiff would have to show that the Defendants' conduct was "extreme and outrageous" and that his own emotional distress was "severe." *Dean v. Ford Motor Credit Co.,* 885 F.2d 300, 306 (5th Cir.1989). Upon review of the summary judgment evidence, the unchallenged affidavits of Reyes, Granados, and Johnson, the foregoing holdings of the Court, and Plaintiff's allegations in their most favorable light, it is apparent that none of the behavior objected to by the Plaintiff rises to the level contemplated under that standard. *See Dean, supra.*

Finally, the portion of Plaintiff's claim attributable to Reyes is clearly and exclusively governed by the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* [hereinafter "FTCA"]. It is uncontroverted that Reyes was acting as an agent of the DEA as he was "acting on behalf of a federal agency in an official capacity," 28 U.S.C. § 2671. Therefore, any claims of negligent harm against Reyes are governed exclusively by the FTCA, 28 U.S.C. § 2679, and mandate that, before any civil action may be maintained in pursuit of the claim, the administrative processes of the FTCA must be followed, 28 U.S.C. § 2675(a).

Defendants' Supplemental Motion for Summary Judgment is GRANTED. All of Plaintiff's claims having been dismissed, a take-nothing judgment will be rendered in favor of all Defendants.