**Jack W. CONAWAY, Plaintiff–Appellant,**

v.

**CONTROL DATA CORPORATION, Defendant–Appellee.**

No. 91–2695

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 10, 1992.

Rehearing Denied April 6, 1992.

Penny P. Bell, Houston, Tex., for Jack W. Conaway.

Karen L. Heuer, Atty., Control Data Corp., Minneapolis, Minn., Lynne M. Gomez, Ross, Banks, May, Cron & Cavin, Houston, Tex., for Control Data Corp.

Before JOLLY, DAVIS, and SMITH, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Because he was fired, Jack Conaway sued his employer, Control Data Corporation ("CDC"), for negligent and intentional infliction of emotional distress, breach of contract and discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"). The district court granted summary judgment in favor of CDC on the intentional infliction of emotional distress claim. At trial, the district court granted a directed verdict in favor of CDC on the breach of contract claim, finding that there was no employment contract altering Conaway's "at will" status, and also on the ADEA claim, finding that Conaway did not file his complaint with the EEOC during the applicable time period. The court further held that there was no equitable basis to toll the period or estop the defendant from asserting the limitation as a defense. The jury returned a verdict for $50,000 for Conaway on the negligent infliction of emotional distress claim. The district court, however, granted a JNOV in favor of CDC,

holding that Texas does not recognize a claim for negligent infliction of emotional distress in the employment context.

We hold that the district court did not err in granting CDC a directed verdict on Conaway's ADEA claim or his breach of contract claim. We also hold that the district court properly granted CDC's motion for JNOV with respect to Conaway's negligent infliction of emotional distress claim. Therefore, we affirm the decision and judgment of the district court.

## I

Jack Conaway was employed by CDC for more than twenty-two years—from January 1964 until November 14, 1986. On October 15, 1986, Conaway was notified that his employment with CDC would be terminated effective November 14, 1986, because of a cut-back in personnel.

Conaway contends that he was dismissed because of his age and that his termination was otherwise wrongful. He was fifty-one years old at the time. Conaway did not file a claim of age discrimination under the ADEA until some eleven-plus months later. On September 13, 1988, he filed this suit in district court alleging that CDC violated the ADEA, breached his employment contract and negligently and intentionally inflicted emotional distress.

Upon CDC's motion, the district court granted summary judgment in favor of CDC on Conaway's intentional infliction of emotional distress claim. The remaining issues were tried by a jury. At the close of Conaway's evidence, the district court granted CDC's motion for a directed verdict on Conaway's ADEA claim, finding that the action was barred by the applicable statute of limitations. The district court also granted a directed verdict on Conaway's claim for breach of contract because the evidence did not support the existence of a contract. However, the district court denied CDC's motion for a directed verdict on the negligent infliction of emotional distress claim and submitted that cause of action to the jury, which awarded Conaway $50,000.

CDC filed a motion for judgment notwithstanding the verdict. The court issued its memorandum opinion and entered a final judgment, granting CDC's motion for judgment notwithstanding the verdict and awarding Conaway nothing. In doing so, the district court held that Texas law does not recognize claims for negligent infliction of emotional distress in employment termination cases. Conaway appeals.

## II

On appeal, Conaway argues: (1) Texas does recognize claims for negligent infliction of emotional distress in the context of employment termination; (2) that there was evidence to support the existence of an employment contract with CDC; and (3) that his ADEA claim was not time barred, because either the limitation period was equitably tolled or CDC was equitably estopped from asserting the limitation period as a defense.

We affirm the district court's directed verdict on the breach of contract claim and the ADEA claim. We also affirm the district court's JNOV on the negligent infliction of emotional distress claim.

## III

The standard of review for motions for directed verdict and for JNOV was clearly set out in *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir.1969) (en banc). The court should not grant the motion unless "the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict." *Id.* A directed verdict should be granted when there is no evidence before the jury upon which a jury could properly proceed to find for the party opposing the motion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## IV

■ Conaway argues that Texas recognizes claims for negligent infliction of emotional distress, and that therefore, the district court incorrectly granted a JNOV in favor of CDC. Even though Texas does recognize the tort of negligent infliction of emotional distress without requiring any physical injury, *St. Elizabeth Hosp. v. Garrard*, 730 S.W.2d 649, 654 (Tex.1987), "[t]he Texas Supreme Court does not yet recognize a separate cause of action in the employee/employer relationship for negligent infliction of emotional distress." *Fiorenza v. First City Bank–Central*, 710 F.Supp. 1104, 1105 (E.D.Tex.1988). *See also Williams v. Sealed Power Corp.*, 1990 WL 102799 (N.D.Tex.1990); *Soto v. Laredo*, 764 F.Supp. 454, 457 (S.D.Tex.1991).[1] Therefore, the district court did not err in granting CDC a JNOV on Conaway's claim for negligent infliction of emotional distress arising out of the employee/employer context.

## V

■ Conaway argues that his employment contract includes oral promises made by CDC, the policies and procedures manual and a grievance procedure pamphlet. The company's last transfer letter to Conaway, dated July 1, 1985, stated that the letter represented the sole agreement between Conaway and CDC. "It, including any brochures, provided to you by the personnel department, which may be amended by the company in the future, constitutes and expresses the entire agreement regarding your employment. Any previous promises, representatives [sic], and understanding relative to any terms and conditions are not to be considered as part of this offer unless expressed here in writing." The manual, however, states that nothing in it is intended to create a contract. Conaway argues that CDC did not give him fair and just treatment as promised and did not follow the procedures in the manual. These promises and procedures were not part of any employment contract.

In *Totman v. Control Data Corp.*, 707 S.W.2d 739, 744 (Tex.Ct.App.1986), the court held that the plaintiff could not recover for breach of contract under Texas law "because he failed to show the trial court where there was an express agreement or written representation that dealt with the procedures for discharge of employees that altered the 'at will' status of his employment contract." In *Lumpkin v. H & C Communications, Inc.*, 755 S.W.2d 538, 539 (Tex.Ct.App. 1st. Dist.1988), the court held that in order to establish a cause of action for wrongful termination, a plaintiff must prove that there was a specific agreement in a written contract that the employer did not have the right to fire the employee at will. No Texas case has recognized a duty of good faith and fair dealing owed by an employer to an employee. *Rodriguez v. Benson Properties, Inc.*, 716 F.Supp. 275, 276 (W.D.Tex.1989). In the case at hand, Conaway did not produce evidence sufficient to prove that there was any written agreement that altered his status as an "at will" employee, and therefore the district court correctly granted a directed verdict in favor of CDC on Conaway's breach of contract claim.

## VI

### A

■ Conaway argues that his ADEA claim should not be barred by the statute of limitations because the statute equitably should be tolled or because the defendant should be estopped from asserting the time

---

1. Only one court has implied that a claim for negligent infliction of emotional distress in the employment context may be recognized in Texas. In *Abston v. Levi Strauss & Co.*, 684 F.Supp. 152, 157–58 (E.D.Tex.1987) the court held that summary judgment was inappropriate where the plaintiff had testified that he suffered anger, depression, embarrassment and shock as a result of his termination. The cases in which the courts found that the Texas Supreme Court has not recognized the tort of negligent infliction of emotional distress in the employment context are more recent and the courts were correct in finding that this tort has not been recognized in Texas.

limitation as a defense.[2] The timely filing of a complaint with the EEOC is not a jurisdictional requirement; the limitation statute is subject to estoppel and equitable tolling. *Zipes v. TransWorld Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). "A defendant is equitably estopped from asserting that a claim is time-barred where its conduct induced a plaintiff to refrain from exercising its rights. 'Equitable tolling focuses on the plaintiff's excusable ignorance of the employer's discriminatory act.'" *Amburgey v. Cohart Refractories Corp.*, 936 F.2d 805, 810 n. 14 (5th Cir.1991).

■ If the complaint is not filed within 300 days, the plaintiff has the burden of demonstrating a factual basis to toll the period. *Blumberg v. HCA Management Co.*, 848 F.2d 642 (5th Cir.1988), *cert. denied*, 488 U.S. 1007, 109 S.Ct. 789, 102 L.Ed.2d 781. "The time begins when facts that would support a cause of action are or should be apparent." *Id.* The time period generally begins to run when the employee receives notice of the allegedly discriminatory decision, not when the employment actually ceases. *Amburgey*, 936 F.2d at 810. This court has held that a plaintiff knows enough to support filing a claim when that plaintiff is "aware that [he] is being replaced in a position [he] believes [he] is able to handle by a person outside the protected age group." *Blumberg*, 848 F.2d at 645; *Pruet Production Co. v. Ayles*, 784 F.2d 1275, 1279 (5th Cir.1986).

■ Conaway testified that on October 15, 1986, he was notified he would be displaced; yet he was also told that there were going to be three openings in his department, and he admits that he knew the three new positions were going to men in their early forties. These facts are the stuff of which ADEA claims are made. But Conaway argues that he did not know the reason for his dismissal until December 9, 1986, when he received a letter from CDC stating that he had been terminated in connection with a restructuring of his department that entailed a major downsizing. He argues that he knew this justification was false and that he then realized he was terminated because of his age. Conaway's allegation is not supported by the evidence. He was told in 1985 by another CDC employee that that employee had been instructed to get rid of Conaway because he had been around too long. But most importantly, Conaway by his own admission knew by the time he was terminated, that three new younger sales persons had been hired, even though the reason given for his termination was a cut-back in his department. Therefore, the limitation period cannot be tolled based on Conaway's ignorance of the discrimination. The statutes began to run at the latest on November 15, 1986, when he was terminated, some 315 days before he filed his ADEA charge.

### B

■ The EEOC's misleading the plaintiff about the nature of his rights can also be the basis for equitable tolling. *Blumberg*, 848 F.2d at 644. In an affidavit in response to CDC's motion for directed verdict, Conaway stated that he called the EEOC on or around March 10, 1987, to ask about claim filing procedures. He stated that the EEOC told him he could file a suit within two years of the date of discrimination or three years if the discrimination was intentional. He was also told that he could file a suit 60 days after he filed a complaint with the EEOC.[3] He argues, however, that he was misled when, accord-

---

2. 29 U.S.C. § 626 provides that in order to bring a civil suit under the ADEA in a "deferral state" such as Texas, the plaintiff must first file a charge alleging unlawful discrimination with the EEOC within 300 days of the alleged unlawful practice. Conaway filed a charge with the EEOC 345 days after he received notice of his termination, and 315 days after he was terminated.

3. 29 U.S.C. § 626(d)(2) provides that in deferral states such as Texas, a complaint must be filed with the EEOC within 300 days of the alleged unlawful practice. Section 626(d) also provides that no civil action may be filed under ADEA until 60 days after a charge is filed with the EEOC. A civil suit must be filed within two years of when the cause of action accrued or three years if the discrimination was intentional. Section 626(e)(1).

ing to him, the EEOC failed to tell him that he had to file the complaint with the EEOC within 300 days of the discrimination; if he had been told this, he would have filed a complaint that month. He contends, therefore, that because the EEOC misled him, the time limitation should be equitably tolled.

This circuit has not addressed the issue of whether an accurate, but incomplete, oral statement by the EEOC can be the basis for equitable tolling. The EEOC undoubtedly engages in numerous telephone calls every day. It would be virtually impossible for the EEOC or a defendant to rebut a plaintiff's unsupported allegation that the EEOC provided incomplete information in a telephone conversation. Allowing a plaintiff equitably to toll a time limitation based on incomplete information provided in a telephone conversation would create a great potential for abuse. Thus, we hold that the alleged incomplete oral statements made by the EEOC to Conaway during a telephone conversation will not support equitable tolling.

### C

Conaway also argues that CDC equitably should be estopped from asserting the time limitation as a defense because CDC induced him to refrain from exercising his legal rights. Conaway argues that CDC assured him that his termination was being reviewed, and that consequently he did not file an ADEA claim. Correspondence between Conaway and CDC shows that Conaway's claim was reviewed, and that upon review, it was determined that Conaway's termination was handled properly. At no point did CDC represent that upon review, Conaway would be rehired. Nor did it ever represent that his complaint was in the "official grievance procedure." None of the actions that Conaway points to can be said to have reasonably induced him into foregoing his ADEA claim. Consequently, Conaway has proved no factual basis for equitable estoppel or equitable tolling. The district court therefore properly granted a directed verdict in favor of CDC on Conaway's ADEA claim because

Conaway did not file a complaint with the EEOC within the governing time period.

### VII

In conclusion, we hold that the district court properly granted CDC's motion for judgment notwithstanding the verdict with respect to Conaway's claim for negligent infliction of emotional distress because Texas has not recognized such a cause of action in the employment context. We also hold that the district court appropriately granted a directed verdict in favor of CDC on Conaway's breach of contract claim because Conaway failed to prove there was any written agreement altering his status as an "at will" employee. Finally, we hold that the district court correctly granted a directed verdict in favor of CDC on Conaway's ADEA claim because Conaway did not file a complaint with the EEOC within the governing time period. The judgment of the district court is therefore

AFFIRMED.