12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry L. HADLEY, Plaintiff-Appellant,
v.
MIDLAND STEEL PRODUCTS; Donald Deleon, Defendants-Appellees.
 No. 93-3412.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1993.
 
 N.D.Ohio, No. 90-00568, White, J.
 N.D.Ohio
 AFFIRMED.
 Before: KENNEDY, MILBURN and GUY, Circuit Judges.
 
 ORDER
 
 1
 Henry L. Hadley, appearing pro se, appeals a district court judgment dismissing his civil rights suit filed under 42 U.S.C. Sec. 1981 and Title VII, 42 U.S.C. Secs. 2000e et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hadley, an African-American male, sued Midland Steel Products and its personnel administrator, alleging that the defendants terminated him on the basis of his race. Specifically, Hadley maintains that in January 1988 he applied for, and received, workers' compensation for a job-related injury. He alleged that in December 1988, the defendants terminated him when he attempted to return to work. Hadley maintained that he was fired because he had filed a workers' compensation claim, but that similarly-situated white employees who had filed such claims were not terminated. After reviewing the defendants' motion for summary judgment and Hadley's response, the district court granted summary judgment in favor of the defendants and dismissed the complaint. Hadley has filed a timely appeal.
 
 
 3
 Upon review, we conclude that the district court properly granted summary judgment for the defendants as there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Hadley's intake questionnaire does not substantially comply with the charge filing requirements of 42 U.S.C. Sec. 2000e-5(b). Thus, his late charge did not relate back and amend the intake questionnaire so as to constitute a timely charge. See Early v. Bankers Life & Casualty Co., 959 F.2d 75, 80 (7th Cir.1992); Philbin v. General Elec. Capital Auto Lease, Inc., 929 F.2d 321, 324 (7th Cir.1991). Moreover, Hadley is not entitled to equitable tolling under the circumstances of this case. See Brown v. Crowe, 963 F.2d 895, 900 (6th Cir.1992); Conaway v. Control Data Corp., 955 F.2d 358, 363 (5th Cir.), cert. denied, 113 S.Ct. 186 (1992).
 
 
 4
 Hadley's allegations likewise do not state a claim for employment discrimination under 42 U.S.C. Sec. 1981. Under Patterson v. McLean Credit Union, 491 U.S. 164, 171 (1989), which was the law in effect at the time Hadley's cause of action arose, Sec. 1981 did not recognize a cause of action for racially motivated employment discharge for conduct occurring after the contract had been established. Id.; Prather v. Dayton Power & Light Co., 918 F.2d 1255, 1258 (6th Cir.1990), cert. denied, 111 S.Ct. 2889 (1991).
 
 
 5
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.