IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10393
Summary Calendar

_____


MARGARET J. LEWIS,

Plaintiff-Appellant,

versus

DONALD RUMSFELD, SECRETARY,
DEPARTMENT OF DEFENSE,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 00-CV-28
_____
September 21, 2001

Before JOLLY, BARKSDALE, and BENAVIDES Circuit Judges.

PER CURIAM:[*]

Margaret J. Lewis appeals the district court's grant of
summary judgment for the Army Air Force Exchange Service
(represented by the Secretary of Defense) in her suit claiming
discrimination in violation of the Age Discrimination in Employment
Act, 29 U.S.C. § 621 et seq. Because we agree with the district
court's holding that Lewis failed to properly exhaust her

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

administrative remedies and that equitable tolling was inapplicable, we affirm the grant of summary judgment dismissing her complaint.

I

Until August 28, 1998, Margaret J. Lewis was employed by the Army Air Force Exchange Service ("AAFES") and worked for the base exchange at Dyess Air Force Base in Abilene, Texas.  At the point of her involuntary resignation, Lewis was working as a Department Manager.  In September 1996, David Albaugh became the Dyess Main Store Manager and Lewis's second line supervisor. According to Lewis, Albaugh nitpicked and harassed the older workers at the Dyess exchange.  Lewis claims that Albaugh often ridiculed her because of her age, and once commented that Lewis was just "old and senile."  Lewis turned 65 on July 9, 1998.

In July and August 1998, an investigation was conducted into allegations that Lewis and other employees had used store coupons from other stores to get discounts on merchandise to which they were not entitled.  Two other employees found to have used coupons from other stores resigned during July of 1998.  Although Lewis argued that she had permission from management to use the coupons and agreed to repay the difference, she was placed on administrative leave on July 31, 1998.

On August 24, 1998, Lewis traveled from Abilene to the AAFES headquarters in Dallas to meet with Sergeant Tracy Little of the

Inspector General's office.[1]  They discussed Lewis's complaints of age discrimination, placement on administrative leave, and pending termination.  Sergeant Little told Lewis that she would investigate her claims of age discrimination.  Sergeant Little contacted Lewis in September 1999,[2] after Lewis had involuntarily retired, and told her that AAFES's actions appeared to be in compliance with the law.

Lewis filed a complaint of age discrimination with the Texas Commission on Human Rights and the Equal Employment Opportunity Commission on January 22, 1999.  After filing this complaint, Lewis was instructed, in a letter dated February 26, 1999, to contact an EEO Counselor.  She was provided a list of counselors in April 1999.  Lewis contacted EEO Counselor Gail Woods on April 13, 1999, and met with Woods for EEO counseling on May 7, 1999, to discuss Lewis's age discrimination claim.  Lewis filed a formal administrative complaint on June 25, 1999.  AAFES dismissed the administrative complaint because Lewis failed to contact an EEO Counselor within forty-five days from the date of the adverse personnel action, as required under 29 C.F.R. §1614.105(a)(1).

Lewis brought this suit against AAFES under the Age

_____

[1]The Inspector General's office investigates claims of fraud, waste and abuse, and ensures Agency compliance with relevant rules and regulations.  It is not clear from the record why Lewis chose to go to the Inspector General's office with her discrimination complaint.

[2]From the record and briefs, it is not clear whether Sergeant Little contacted Lewis in September of 1998 or September of 1999. That fact, however, does not determine the final outcome in this case.

Discrimination in Employment Act ("ADEA") on February 7, 2000. She filed an amended complaint on October 3, 2000. The district court granted AAFES's motion for summary judgment on February 22, 2001, holding that Lewis failed to comply with the federal regulations, thereby failed to properly exhaust her administrative remedies, and that equitable tolling was not appropriate in the circumstances. Lewis has timely appealed.

II

We review the district court's grant of summary judgment de novo. <u>Baldwin v. Daniels</u>, 250 F.3d 943, 948 (5th Cir. 2001).

Lewis acknowledges that she had forty-five days from the date of the discriminatory action to meet with an EEO counselor under the administrative rules governing employee discrimination suits against federal agencies. <u>See</u> 29 C.F.R. §1614.105(1).[3] "Failure to notify the EEO counselor in timely fashion may bar a claim, absent a defense of waiver, estoppel, or equitable tolling."

---

[3]Section 1614.105(a) states
aggrieved persons who believe they have been discrimination against on the basis of . . . age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
(1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.
Under 29 U.S.C. § 633a(c)-(d), Lewis could also have given the EEOC thirty days' notice of intent to file a lawsuit, as long as the notice was within 180 days of the events giving rise to the complaint, and then filed the lawsuit directly in federal court.

4

Pacheco v. Rice, 966 F.2d 904, 905 (5th Cir. 1992).  Although more than forty-five days had passed between the date of the allegedly discriminatory action and Lewis's meeting with an EEO counselor, Lewis contends, first, that her initial complaint of age discrimination to the Investigator General's office ("IG") satisfies the 29 C.F.R. §1614.105(a)(1) requirement and, second or alternatively, that she is entitled to equitable tolling because the IG failed to notify her of the relevant time limitations.

Lewis's meeting with the Sergeant Little does not satisfy the requirements of 29 C.F.R. §1614.105(a)(1) because Little is not an EEO Counselor within the meaning of the regulation.  An EEO Counselor is appointed by the EEO Director of the applicable agency and has significant duties that are defined in the regulations; EEO Counselors must inform individuals of their rights and responsibilities in writing, they must submit reports to the agency, and they must inform individuals of the relevant time frames.  See 29 C.F.R. §1614.105(b); 24 C.F.R. §7.12.  The names, addresses and phone numbers of the EEO Counselors must be clearly posted for employees to see.  29 C.F.R. §1614.102(b)(7).  Allowing plaintiffs to substitute complaints to other offices for counseling with an EEO Counselor destroys the purpose of having EEO Counselors who must comply with federal regulations.  Thus, Lewis's argument that her complaint to the IG satisfies the section 1614.105(a) requirement that she meet with an EEO counselor within forty-five days is unpersuasive.

Lewis next argues that she is entitled to equitable tolling of her claim because the IG did not inform her that she needed to file any further complaint to preserve her rights. Furthermore, because Sergeant Little of the IG's office stated the opposite--that she told Lewis to file a claim with an EEO Counselor and directed her to the EEO Counselor's office--there is a fact issue as to what the IG told Lewis, which would preclude summary judgment.

As we have often recognized, the time limits established in the regulations are not jurisdictional; they are subject to the traditional equitable defenses of estoppel and equitable tolling. Conway v. Control Data Corp., 955 F.2d 358, 362 (5th Cir. 1992).[4] Federal courts typically apply equitable tolling only "sparingly." Rowe v. Sullivan, 967 F.2d 186, 192 (5th Cir. 1992) (citations omitted). Lewis has the burden of demonstrating facts that would entitle her to equitable tolling. Hood v. Sears Roebuck, 168 F.3d

---

[4]The regulations even expressly allow the agency or the EEOC to extend the 45-day time limit

> when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have . . . known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. §1614.105. The agency here declined to extend the 45 days and dismissed her complaint. It specifically noted that Lewis was under constructive notice of her rights because the regulations were properly posted.

231, 232 (5th Cir. 1999). Equitable tolling or equitable estoppel is appropriate "when a plaintiff's unawareness of his ability to bring a claim--either unawareness of the facts necessary to support a discrimination change or unawareness of his legal rights--is due to the defendant's misconduct." Christopher v. Mobil Oil Corp., 950 F.2d 1209, 1215 (5th Cir. 1992). The EEOC's misleading the plaintiff about his or her rights can also be the basis for equitable tolling, although incomplete oral statements made by the EEOC during a telephone call are not sufficient to merit tolling. Conway, 955 F.2d at 362-63.

Lewis argues that the IG's failure to inform her that she was required to meet with an EEO Counselor was a misrepresentation on which she relied. The IG, however, even according to Lewis's account, made no misrepresentation; Sergeant Little did not tell Lewis that she did not need to file a complaint, nor did she give Lewis incorrect information. Even viewing the facts in the light most favorable to Lewis, Sergeant Little at most gave Lewis incomplete information, which under the circumstances is no basis for equitable tolling. Furthermore, Lewis was under constructive notice of the deadlines in the EEO process because the names and addresses of the EEO Counselors, as well as the 45 day time period, were posted in the break room at the Dyess exchange in accordance with 29 C.F.R. §1614.102(b)(4). In sum, these facts simply do not support equitable tolling.

III

7

In conclusion, we hold that the district court properly granted the defendant's motion for summary judgment because Lewis did not initiate contact with an EEO Counselor within the governing time period and because she is not entitled to equitable tolling. The judgment of the district court is therefore

A F F I R M E D.