Charlotte BLUMBERG,
Plaintiff–Appellant,

v.

HCA MANAGEMENT COMPANY, INC.
and Hood General Hospital,
Defendants–Appellees.

No. 88–1007
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 5, 1988.

Rehearing Denied Aug. 1, 1988.

Laurance L. Priddy, Fort Worth, Tex., for plaintiff–appellant.

Jefferson D. Kirby, III, Paul D. Jones, Atlanta, Ga., for defendants-appellees.

Before GEE, RUBIN, and SMITH, Circuit Judges.

**ALVIN B. RUBIN, Circuit Judge:**

Charlotte Blumberg charges that she was discharged from employment as a nurse at Hood General Hospital in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634. Blumberg was born on January 8, 1920, and was 63 years old when the Hospital discharged her on August 3, 1983, after she had been working there as a nurse for six years. Blumberg was replaced by a woman in her thirties. The defendants sought summary judgment on the basis that Blumberg's complaint had not been filed within the 180 days following termination that the statute allowed. Blumberg had filed a charge with the Equal Employment Opportunity Commission on May 23, 1984, 294 days after her discharge. She contended, however, that the 180–day filing period had been equitably tolled. The court reserved ruling on this motion and a subsequent motion for a directed verdict, and it submitted the case on the merits to a jury. The jury returned a verdict in favor of Blumberg, awarding her $54,284 in back pay.

In response to a special interrogatory, the jury found that it became or should have become apparent to Blumberg in April 1984 that age was a determinative factor in her discharge. This was less than 180 days before she filed her charge with the EEOC. The trial court nevertheless entered judgment in favor of the defendants notwithstanding the jury verdict, holding that Blumberg had failed to file a charge with the EEOC within 180 days of her termination as required by § 626(d)(1) of the ADEA and that she had not shown that the statutory period should be equitably tolled because she had testified that she had believed that age was a factor in the way she was being treated on the job and she had thought she was a victim of discrimination not only at the time of her termination but even six weeks before, for in June 1983,

after her superiors had counselled her about her job performance, Blumberg, with her son's help, had composed a letter that she never mailed, and she thought at that time that she was being discriminated against because of her age.

Conceding that her EEOC charge was filed more than 180 days after her discharge, Blumberg contends that the statutory period was tolled, first because there was substantial evidence to support the jury finding that she first knew of the age discrimination in April 1984, and, in addition, because (1) the Hospital opposed her claim for employment benefits on the basis that she had been discharged for cause, thus concealing important evidence; (2) she had difficulty finding a lawyer to represent her and succeeded in finding present counsel only after two others had declined her case; and (3) the Hospital later terminated other employees because of their age, providing a further basis for her claim.

 The ADEA provides that no civil action may be commenced until 60 days after a charge alleging unlawful discrimination has been filed with the EEOC and requires that such a charge must be filed within 180 days after the alleged unlawful practice occurred.[1] Timely filing is not, however, jurisdictional, and the 180–day period may be equitably tolled,[2] but if the complaint is not timely filed, the plaintiff has the burden of demonstrating a factual basis to toll the period.[3] In *Chappell v. Emco Machine Works Co.*[4] we discussed three possible bases for tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights. *Chappell* does not hold that these three are the only bases for tolling, but even if other circumstances

---

1. 29 U.S.C. § 626(d)(1) (1982).

2. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 587–95 (5th Cir.1981) (en banc).

3. *Taylor v. General Tel. Co.,* 759 F.2d 437, 442 (5th Cir.1985).

4. 601 F.2d 1295, 1302–03 (5th Cir.1979).

may toll the running of the period, the circumstances of this case do not.

Although Blumberg contends that she was not aware of *all* of the evidence upon which she ultimately relied at trial until sometime after her discharge, it is not necessary for a claimant to know all of the evidence for her to file a claim or to begin the 180–day period, nor do subsequent acts of alleged discrimination against other employees toll the period.[5] The time begins when facts that would support a cause of action are or should be apparent.[6] As we noted in *Pruet Production Co. v. Ayles,*[7] a plaintiff who is aware that she is being replaced in a position she believes she is able to handle by a person outside the protected age group knows enough to support filing a claim.

Here, Blumberg knew that she was a member of the protected age class, she was aware that she had been terminated from a job she considered herself qualified to perform, and she believed her replacement to be a woman in her thirties, Tricia Hartzoge. Even if the Hospital later contended that a full-time replacement for her was not hired until sometime later, when Barbara Fordom, a woman in her fifties, was first employed, such a contention in no way lulled Blumberg into delaying the filing of her charge.

Blumberg also contends that the Hospital is estopped from invoking her failure to file a timely discrimination charge because it concealed the reason for her termination. Unlike the plaintiffs in the cases upon which she relies,[8] however, Blumberg was advised at the time of her termination that she was being discharged for cause, and she was able to evaluate the propriety of the reasons for her dismissal immediately.

Blumberg's suggestion that the Hospital somehow misled her by not expressly declaring that her discharge was due to her age is tantamount to asserting that an employer is equitably estopped whenever it does not disclose a violation of the statute. This would make the 180–day period virtually meaningless.

Blumberg's reliance on her own failure to retain a lawyer is misplaced. She consulted attorneys within the limitations period and was informed that a charge of discrimination would have to be filed with the EEOC. She was not therefore ignorant of her rights.[9]

The district court therefore did not err in entering judgment for the defendants despite the jury's verdict. Under the standard set forth in *Boeing Co. v. Shipman,*[10] Blumberg's testimony establishes that the facts and inferences point so strongly and overwhelmingly in favor of her knowledge of her claim at the time of her discharge that reasonable jurors could not arrive at a contrary verdict.

In the district court the parties agreed that when Blumberg was fired on August 3, 1983, Texas had no state agency for civil rights complaints and was therefore not a deferral state. Within a few months thereafter, Texas established a state agency, the Texas Commission on Human Rights, and became a deferral state. Had Blumberg been fired just a short time later than she was, she would have had the benefit of the full 300 days allowed for deferral states in which to file her claim.

In her initial brief, Blumberg relies solely on equitable tolling of the 180–day period. In her reply brief, however, she suggests that the creation of the Texas Commission on Human Rights, which occurred only af-

5. *Woodburn v. LTV Aerospace Corp.,* 531 F.2d 750 (5th Cir.1976).

6. *Reeb v. Economic Opportunity Atlanta,* 516 F.2d 924, 930 (5th Cir.1975).

7. 784 F.2d 1275, 1279 (5th Cir.1986).

8. *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303 (3d Cir.1983), *cert. dismissed,* 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984); *Tucker v.*

*United Parcel Serv.,* 657 F.2d 724 (5th Cir. Unit B Sept. 1981); *Reeb,* 516 F.2d 924.

9. *See Taylor v. General Tel. Co.,* 759 F.2d at 442; *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.,* 515 F.2d 1195, 1200 n. 8 (5th Cir.1975); *see also Stallcop v. Kaiser Found. Hosps.,* 820 F.2d 1044, 1050 (9th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 504, 98 L.Ed.2d 502 (1987).

10. 411 F.2d 365, 374 (5th Cir.1969).

ter she had been discharged, entitled her to the extended 300–day period discussed by this court in *Mennor v. Fort Hood National Bank.* [11]

In *Mennor,* this court found that the creation of the Texas Commission on Human Rights after an allegedly discriminatory act had occurred entitled the charging party to the 300–day period available in deferral states under Title VII of the 1964 Civil Rights Act, 42 U.S.C. Section 2000e–5(e). Although *Mennor* was a Title VII case, we assume for present purposes that the same result should obtain in an ADEA claim. Blumberg, however, cannot assert entitlement to the 300–day period for a number of reasons. She did not raise the issue in the trial court or initially on appeal; instead, she raised it for the first time in her reply brief, and we have repeatedly held that we will not consider alleged errors raised only at that late time.[12]

The plaintiff in *Mennor* presented evidence at trial that he had, in fact, initiated proceedings with the state agency. As we noted,

> The EEOC did transmit Mennor's March 29 charge to the TCHR on March 30, 1984, and the parties and the district court have treated this transmittal as the institution of proceedings with the TCHR within the meaning of 42 U.S.C. § 2000e–5(e). Shortly after the March 30 institution of TCHR proceedings, the EEOC issued its notice stating that the TCHR had waived its jurisdiction and that the EEOC would process Mennor's charge. The waiver of jurisdiction terminated the TCHR proceedings, and the EEOC apparently treated Mennor's charge as thereafter automatically filed with the EEOC.[13]

Blumberg presented no similar evidence. Instead, Blumberg contends that a copy of the charge filed with the EEOC indicates that a charge was to be filed with the TCHR as well since both agencies are mentioned in the EEOC charge. Nothing in

that charge, however, indicates that the EEOC was requested to transmit or did in fact transmit the charge to the TCHR. On the contrary, in the section labelled "Charge Number(s) (Agency Use Only)," the block was checked, indicating that the filing was made with the EEOC and that charge number 061–84–2276 was assigned. The block marked "State/Local Agency" was left blank and no state number was listed, presumably showing that no filing with such an agency was desired.

For these reasons, the judgment is AFFIRMED.

11. 829 F.2d 553 (5th Cir.1987).

12. *See, e.g., Nissho–Iwai Co. v. Occidental Crude Sales, Inc.,* 729 F.2d 1530, 1539 n. 14 (5th Cir. 1984); *United States v. Bucchino,* 606 F.2d 590,

591 (5th Cir.1979), *cert. denied,* 446 U.S. 952, 100 S.Ct. 2917, 64 L.Ed.2d 808 (1980).

13. 829 F.2d at 555 (footnotes omitted).